IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LINDA JEAN QUIGG, Ed.D., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO.: 7:12-CV-153 (HL) |
| THOMAS COUNTY SCHOOL | : | |
| DISTRICT, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT MORGAN'S AND DEFENDANT NESMITH'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED.**

**NOW COMES**, Linda Jean Quigg, Plaintiff herein, and hereby submits her response to Defendant Morgan's and Defendant Nesmith's Statement Of Material Facts As To Which There Is No Genuine Issue To Be Tried.

1.

Plaintiff admits Defendants' SMF #1.

2.

Plaintiff admits Defendants' SMF #2.

3.

Plaintiff admits Defendants' SMF #3.

4.

Plaintiff admits Defendants' SMF #4.

5.

Plaintiff admits Defendants' SMF #5.

6.

Plaintiff admits Defendants' SMF #6.

7.

Defendants' SMF #7 is not a factual averment, but is instead a legal assertion. Further responding, Plaintiff admits that the statute of limitations applicable to §1983 claims in Georgia is two (2) years.

8.

Defendants' SMF #8 is not a factual averment, but is instead a legal assertion. Further responding, Plaintiff states that the statute of limitations in employment discrimination claims is tolled until such time as the Plaintiff is aware of facts which, if credited, would support a prima facie case of discrimination. Sturniolo v. Shaeffer Eaton, 15 F.3d 1023, 1026 (11th Cir. 1994)("The date when Sturniolo knew or should have known that Sheaffer had hired a younger individual to replace him is the date upon which the tolling period should commence.")

9.

Defendants' SMF #9 is not a factual averment, but is instead a legal conclusion not requiring a response. To the extent a response is required, Plaintiff denies the assertion that "the statute of limitations expired on February 8, 2013."

10.

Defendants' SMF #10 is not a factual averment, but is instead a legal conclusion not requiring a response. To the extent a response is required, Plaintiff denies the assertion that "the filing of a motion to add does not toll the running of the statute of limitations."

11.

Defendants' SMF #11 is not a factual averment, but is instead a legal conclusion not requiring a response. To the extent a response is required, Plaintiff denies the assertion that "The relation back provisions of Fed. R. Civ. P. 15(e) cannot be used to add a new party after the statute of limitations has expired."

12.

Defendants' SMF #11 is not a factual averment, but is instead a legal conclusion not requiring a response. To the extent a response is required, Plaintiff denies the assertion that her claims "against Defendants Morgan and Nesmith are

barred by the two-year statute of limitations applicable to Section 1983 discrimination claims."

Respectfully submitted this 1st day of May, 2016.

/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709

MILLER LEGAL, P.C.
3646 VINEVILLE AVENUE
MACON, GA., 31204
hmiller@millerlegalpc.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of May , I electronically filed the foregoing using CM/ECF which will automatically send e-mail notification of such filing to the following attorneys of record:

        Randall C. Farmer
        Edward Preston

Respectfully submitted this 1st day of May, 2016.

        <u>/s/ Harlan S. Miller</u>
        Harlan S. Miller
        Georgia Bar No. 506709